## Brush v. Pocono Farms, Inc.

*Edwin Krawitz*, for plaintiffs.
*Michael R. Rundle*, for defendant.

THOMSON, *J.*, December 20, 1979—The within matter is now before us on defendant Recra-Del Corp.'s petition to set aside a writ of execution and to strike judgment.

Defendant first argues that the judgment in question should be stricken as violative of the Act of June 10, 1935, P.L. 295, sec. 1, 12 P.S. §745. Said statute provides:

"Judgments by agreement    Whenever any parties to an action or proceeding at law shall have agreed to the entry of a particular judgment therein, any judge of the court, in which such action or proceeding is pending, may enter such judgment directly without the verdict of a jury, with the same force and effect as if such judgment were upon a verdict."

Defendant contends that the judgment in question, as entered by the prothonotary after stipula-

tion of the parties, is a nullity as the dictates of the aforesaid rather obscure statute were not followed in the judgment's entry. While it is correct that the statute's provisions were not followed, we take judicial notice that the practice of so entering judgments has become so common as to acquire, whether rightfully or wrongfully, the status of a course of dealing with the legal profession, despite the provisions of the statute in question. Furthermore, if there was any wrongdoing in this case, it is apparent that the parties are in pari delicto, with respect to the same. There was a good faith agreement between the parties to settle this matter, and to have judgment entered pursuant to the agreement. Under such circumstances, we believe we would be acting both capriciously and counterproductively to strike off the judgment. Instead, we will nunc pro tunc direct the entry of the judgment as of the date of the original stipulation's entry, December 16, 1976.

Defendant's next bases for objection are the failure of plaintiffs to serve it with a copy of their petition to sequester under Pa.R.C.P. 3114, and to properly serve certain garnishees in accordance with Pa.R.C.P. 3111(a), as amplified by Rules 13 and 3112(c). While we agree with defendant as to these contentions, we will not discuss them at any length, because we feel that in defendant's final objection a deeper, more fundamental issue has been validly raised: that is, whether plaintiffs should have resorted to the remedy provided by these rules at all, in light of the stipulation entered of record. We hold that they should not have so done.

The stipulation, as entered, contained a detailed

provision for payment of the debt in question, involving release procedures on certain lots as they were sold, interest at a given rate after a certain period of time, etc. We feel that the clear intention of the parties, although never stated in so many words, was to prevent the kind of situation with which we are now faced. We believe that the agreement the parties made was a salutary one, and that they should be compelled to honor it. Only if one party violates the agreement, or if unforeseen circumstances arise, which give legal cause to avoid it, should the agreement be struck down and then only upon proper petition to allow such relief. For this reason, we feel that that portion of defendant's petition calling for the setting aside of the writ of execution heretofore issued is well-founded.

Therefore, we enter now the following

## ORDER

And now, December 20, 1979, the prayer of defendant Recra-Del Corp.'s petition to strike the judgment heretofore entered by stipulation of counsel is denied, but the prayer to set aside the writ of execution heretofore issued is granted. The court further directs that the stipulation of counsel dated November 22, 1976, and entered by the prothonotary December 16, 1976, be entered nunc pro tunc, as of the latter date, so as to effect compliance with the Act of June 10, 1935, P.L. 295, sec. 1, 12 P.S. §745.